IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph John Sylvester, | C/A No. 0:09-488-TLW-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| State Law Enforcement Division; South Carolina Department of Correction; Allendale Correctional Institution; Oconee County Sheriff Department; and Greenville County Sheriff Department, | |
| Defendants. | |

The plaintiff, Joseph John Sylvester ("Sylvester"), a self-represented litigant, filed this civil action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

In his Complaint, Sylvester alleges that he has been forced by the defendants to register as a sex offender even though he has never been convicted of a sex offense. (Compl., Docket Entry 1 at 3.) Sylvester seeks to be compensated for defamation of character and mental anguish. (Id. at 4.)

The court issued a docket text order on August 21, 2009 granting the defendants' motion for an extension of time and amending the scheduling order. (Docket Entry 40.) As the plaintiff is proceeding *pro se*, a copy of this order was sent via United States Mail to the plaintiff's address of record. On September 4, 2009, the mailing containing the order was returned to the Clerk of Court, with the envelope noting "Return to Sender" and "Deceased." (See Docket Entry 43-1.) The defendants subsequently filed a motion to dismiss, arguing that as it appeared the Sylvester had passed away and as Sylvester's claims would not survive his death, the Complaint should be

Page 1 of 3

PJG

dismissed. (Docket Entry 44-1.) The court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), outlining the summary judgment and dismissal procedures and the possible consequences if no adequate response was made to the defendants' motions and mailed a copy of this order to Sylvester's address of record. (Docket Entry 45.) The mailing containing this order was returned to the Clerk of Court as undeliverable on September 14, 2009. (Docket Entry 47-1.)

The court observes that over eight months have passed since Sylvester's mail was first returned indicating that he was deceased and since the filing of the defendants' motion to dismiss. (Docket Entries 43 & 44.) To date, no document has been filed with the court either by Sylvester disputing the assertion that he is deceased or by a representative of his estate arguing that Sylvester's claims survive his death.

Accordingly, the court recommends that the defendants' motion to dismiss be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 24, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).